[No. C. D. 993.  *En Banc.*  April 1, 1927.]

*In the Matter of the Proceedings for the Disbarment of* JOHN F. DORE.[1]

Proceedings filed in the supreme court October 18, 1926, for the disbarment of an attorney, upon findings of the state board of law examiners against the accused. Judgment of dismissal.

*The Attorney General* and *L. B. Donley, Assistant,* for the state.

*Wilmon Tucker, Reames & Moore, T. M. Royce, John J. Sullivan, F. C. Reagan,* and *John F. Dore,* for accused.

PARKER, J.—The respondent, Dore, an attorney and counselor at law duly admitted to practice law in this state, was charged with unprofessional conduct looking to his disbarment. The charge was, in substance, that "he, surreptitiously and with intent to subvert the ends of justice and with intent to mislead the court and jury," placed certain pieces of newspaper containing a date line in a receptacle which had been, with its contents indicating it to be a so-called "plant" for criminally setting fire to a building, introduced in evidence in an arson criminal case in which he was attorney for the accused; his alleged purpose being, and the pieces of newspaper alleged to have been so placed in the plant having the effect, to show that the plant was prepared and placed near the burned building after the date of the fire. Upon this charge, a hearing was had before the state board of law examiners where evidence was introduced in behalf of the prosecution and in behalf of respondent; which evidence has all been certified to this court, with the recommendation of the board, thus bringing the cause here for final disposition in pursuance of Rem. Comp. Stat., §§ 139-17, 139-18 (P. C. §§ 169, 170).

There is nothing involved in this cause other than the question of fact as to whether or not respondent is guilty of the act with which he is charged. We have painstakingly read the evidence certified to us by the board, reading the original transcript thereof, rather than depending upon the abstract thereof prepared by counsel. We deem it sufficient to say that we are not convinced of the guilt of respondent, and therefore find him not guilty. There being no question of law involved, we deem it wholly unnecessary to review the evidence in this decision.

The proceeding is dismissed.

MACKINTOSH, C. J., BRIDGES, FULLERTON, MITCHELL, TOLMAN, FRENCH, and ASKREN, JJ., concur.

[1]Reported in 254 Pac. 1119.

MAIN, J. (dissenting)—I am unable to concur in the majority opinion in this case. The evidence in support of the charge was oral and in dispute. The board of law examiners, all of whom are capable and experienced lawyers, heard this testimony and were unanimously of the opinion that the charge was sustained. The members of that board were in much better position, having heard the testimony, to give it proper weight than are the members of this court by simply reading the record. It is not possible for me, from a reading of the transcript of the testimony, to say that the board reached an erroneous conclusion and did not properly weigh and give effect to the testimony of the witnesses. I therefore dissent.